UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:  Chapter 13
Case No. **1:08-bk-02277**

**MICHAEL SCOTT DARRIN,**
    Debtor

CHAPTER 13 PLAN
(Indicate if applicable)
( ) Motion to avoid liens
( ) Motion to value collateral
( ) Original Plan
(x) First Amended Plan

**YOUR RIGHTS WILL BE AFFECTED**      If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### FIRST AMENDED PLAN PROVISIONS

**DISCHARGE: (Check one)**
    ( x ) The debtor will seek a discharge of debts pursuant to Section 1328(a).
    ( ) The debtor in not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**
    ( x ) This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

    A. Payments by the debtor are to be a total of $1,400.00 through January 2009 and then beginning in February 2009, $223.81 per month for the remainder of the plan. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

    B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: . All sales will be completed within one year of confirmation.
Other lump sum payments shall be paid to the Trustee as follows:.
Other payments from any source (describe specifically) shall be paid to the Trustee as follows:

    C. **For amended plans**:
      (1) The plan payments by the debtor shall be a total of $1,400.00 through January 2009 and then beginning in February 2009, $223.81 per month for the remainder of the plan , plus other payments and property stated in Paragraph B above.
      (2) The payment amount shall change effective as stated above.
      (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

D. The debtor is responsible for funding the plan.

## 2. SECURED CLAIMS

A. <u>Adequate Protection Payments under Section 1326.</u>  Adequate protection payments in the following amounts will be paid by the debtor to the trustee monthly and disbursed by the trustee to the following creditor.  Distributions prior to the plan confirmation will be made at Level 1.  Upon confirmation, these distributions will change to Level 4.

| Name of Creditor | Address | Account # | Payment |
|---|---|---|---|
| NONE | | | $ |
| | | | $ |

B. <u>Mortgages and Other Direct Payments by Debtor.</u>  Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| GMAC | 2006 Chevy Impala LTZ; 31,000 miles | $393.00 | $21,100 approx | % |

C. <u>Arrears</u>

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| GMAC | 2006 Chevy Impala LTZ; 31,000 miles | $ | % | $Per allowed proof of claim |

D. <u>Secured Claims Paid According to Modified Terms.</u>  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balanc | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| NONE | | $ | Lesser of 6% or contract rate | $ | Plan |

* PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE

**PLAN WILL AVOID THE LIEN.**
   D. Other Secured Claims:

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| **NONE** | | $ | % | $ |

   A. Surrender of Collateral:

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **HOMECOMINGS** | **4210 Crooked Hill, Harrisburg, PA** |
| **NATIONAL CITY MTG CO** | **4210 Crooked Hill, Harrisburg, PA** |

   B. Lien Avoidance. The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| **NONE** | |
| | |
| | |

## 3. PRIORITY CLAIMS

   A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| **BETSY J DARRIN** | Paid outside plan pursuant to 1322(a)(4): |

   B. Administrative Claims:
       (1) Trustee Fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

       (2) Attorney fees. In addition to the retainer of $0.00 already paid by the debtor, the amount of $3,500.00 in the plan.

## 4. UNSECURED CLAIMS

   A. Claims of Unsecured Nonpriority Creditors Specially Classified. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| **PSECU** | Joint Debt with ex wife | $7,555.00 | % | $Per allowed proof of claim |
| **PSECU** | Joint Debt with ex wife | $742.00 | % | $Per allowed proof of claim |

   B. Claims of General Unsecured Creditors. The debtor estimates that a total of $0 will be available for distribution to unsecured creditors. The debtor calculates that a minimum of $0 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $0 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts

and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| **GMAC** | **2006 Chevy Impala LTZ; 29,000 miles** | $393.00 | % | $Per allowed proof of claim | $ | Assume |

**6. OTHER PLAN PROVISIONS:**

    A. Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtor, to the detriment of general, unsecured claims.

    B. Claims not filed by creditors by the bar date established by the Notice of Commencement of Case, Meeting of Creditors and Fixing of Dates will be deemed to be disallowed and will receive $0.00.

    C. During the course of this plan, the Debtors may make some monthly payments before the Trustee's monthly deadline and other payments after such monthly deadline, which may result in variation in timing and amount of disbursements to creditors, even if the Debtors are in full compliance with the terms of the plan. After the payment of administrative expenses pursuant to 11 U.S.C.1326(b)(1), monthly disbursements on secured claims may increase. Consequently, payments on secured claims pursuant to this plan shall not be "periodic" in nature

    D. The effective date of this Plan shall be the date of entry of the Order confirming this Plan. Nonetheless, the Debtor is obligated to make regular monthly payments prior to confirmation under 11 U.S.C Section 1326.

    E. Confirmation of the plan shall invoke the protection of 11 U.S.C. Section 1301, whether or not the Debtor provides for interest on payment of cosigned obligations. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the plan.

    F. Binding Arbitration. The plan filed by the Debtor herein specifically rejects, avoids, cancels, and otherwise releases the Debtor from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor or the Chapter 13 Trustee.

    G. Consumer Claims Not Waived. Confirmation of the plan shall constitute a finding that the Debtor does not waive, release or discharge but rather retains and reserves to himself or herself, to the extent he or she may claim an exemption, or to the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that he or she could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including, but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of right or claims provided for by Title 11 of the United State Code, by the Federal Rules of Bankruptcy Procedure, or by the local rules of this Court.

    H. Debtor's Standing. Confirmation of this plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

    I. Claim amounts: The amounts of the claims listed in the plan are estimated amounts and are not

admissions by the Debtors as to the amount(s) owed. In the event that the proof of claim filed in the case differs in amount from the estimated plan claim(s) amount, the amount of the allowed proof(s) of claim shall control.

**7. ORDER OF DISTRIBUTION:**

The order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

**8. REVESTING OF PROPERTY: (Check One)**

( )   Property of the estate will vest in the debtor upon confirmation.
**(x)**   Property of the estate will vest in the debtor upon closing of the case.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated:  2-9-09

                                            /s/  Michael Scott Darrin
                                            Debtor